IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RHONDA BRUCE, * | |
| Plaintiff, * | |
| vs. * | |
| FANNIE MAE, CHASE HOME FINANCE, * LLC, LUCY CROSS, RESTON, INC., REALAWARE, LLC, L REALTY, INC. * and RHONDA SHEA, * | CASE NO. 3:12-CV-90(CDL) |
| Defendants. * | |

O R D E R

Plaintiff Rhonda Bruce ("Bruce") alleges that Defendants committed various Georgia state law torts against her, including trespass, infliction of emotional distress, invasion of privacy, trover, conversion, and wrongful dispossession. Bruce asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) ("§ 1332"). Compl. ¶ 2, ECF No. 1. For the Court to have subject matter jurisdiction under § 1332, there must be "complete diversity" among the parties, which means that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Here, however, Bruce did not allege that there is complete diversity among the parties. Rather, Bruce alleges that she is a citizen of Georgia and that the following Defendants are citizens of Georgia: Ronda Shea,

Reston, Inc., Realaware, LLC, Lucy Cross, and L Realty, Inc. Compl. ¶¶ 1(a), (d)-(g).

Given that Bruce has not alleged that there is complete diversity of citizenship in this action, the Court cannot exercise subject matter jurisdiction under § 1332.  Bruce did not assert another basis for federal jurisdiction over her claims, and a review of her Complaint reveals that her claims all arise under Georgia state law, not federal law.  For these reasons, the Court grants Defendant Fannie Mae's Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 20). Fannie Mae's Motion to Stay Discovery and Pretrial Deadlines (ECF No. 21) is moot.

IT IS SO ORDERED, this 8th day of November, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE